# EXHIBIT A

Filing # 209971254 E-Filed 10/31/2024 09:05:11 AM

IN THE COUNTY COURT, FOURTH
JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

Case No.: 16-2024-CC-002389-AXXX-MA
Division: CC-D

AMERICAN HOLDING 33092, LLC,
A NEW MEXICO LIMITED LIABILITY
COMPANY,

    Plaintiff,

v

SOTTERLEY HOLDINGS 32220, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY AS TRUSTEE FOR 2212
SOTTERLEY LANE LAND TRUST;
CLAY COUNTY HOLDINGS 32073,
LLC, A NEW MEXICO LIMITED
LIABILITY COMPANY; SOTTERLEY
HOLDINGS 32220, LLC, A FLORIDA
LIMITED LIABILITY COMPANY;
AND ASSOCIATION OF POINCIANA
OWNERS VILLAGE TWO, LLC,
A FLORIDA LIMITED LIABILITY
COMPANY,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court on August 14, 2024 at 11:30 a.m. on Defendant Sotterley Holdings 32220, LLC's Claim of Surplus and Motion to Release Surplus Funds from Court Registry and Third-Party Purchaser's, Willie Brown, Amended Motion to Vacate the Foreclosure Sale Conducted by the Clerk of the Court on March 30, 2024, Vacate the Certificate of Sale, the Certificate of Title, and to Stay and Withhold Disbursements, and to Redeem Bidder's Money, in this matter. The Court, having reviewed the Motions, the Court Docket, and heard

argument of counsel, grants in part the Third-Party Purchaser's, Willie Brown, Motion. It is therefore;

ORDERED AND ADJUDGED:

1. Third-Party Purchaser, Willie Brown, has standing to set aside the final judgment under Rule 1.540(b) pursuant to *Pearlman v. Pearlman*, 405 So.2d 764 (Fla. 3d DCA 1981). The Pearlman Court held that an "unnamed party whose rights were directly and injuriously affected by a judgment fraudulently obtained may seek relief from that judgment either by motion or by independent collateral attack." 405 So.2d at 766. This "Pearlman standing," has been repeatedly recognized throughout the state, is a narrow exception that permits a non-party to use Rule 1.540 to seek relief from a judgment.

2. The Court docket reflects an irregularity in the documentation of the Parties of record and potentially deceptive conduct of the parties. This includes the failure to list the primary mortgage on the mortgage in this matter, waivers of the service of process and notices of intention to waive defenses executed four days before the filing of the Complaint, and the failure for the Plaintiff to conduct this foreclosure as a foreign corporation.

3. The Court is considering whether the sale must be vacated and set aside pursuant to *Arsali v. Chase Home Finance LLC*, 121 So. 3d 511 (Fla. 2013). The Arsali Court reiterated that "this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all [equitable] grounds." *Id.* at 515.

4. Mr. Brown requests the opportunity to conduct discovery, which the Court will allow based on the aforementioned irregularities.

5. Any further disbursements on the sale shall be stayed until further notice from this Court to allow for such discovery and further hearings upon the appropriate motions.

DONE AND ORDERED at Jacksonville, Duval County, Florida on this 30th day of October 2024.

*Rhonda Peoples-Waters*
The Honorable Rhonda D. Peoples-Waters
Duval County Court Judge

Copies to:

All parties and counsel of record via e-service